# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAQUANN WAUGH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5538 |
| | : | |
| PHILADELPHIA DOMESTIC RELATIONS, | : | |
| | : | |
|     Defendant. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                             **NOVEMBER 22, 2024**

*Pro se* Plaintiff Jaquann Waugh filed a Complaint against "Philadelphia Domestic Relations,"[1] seeking money damages and injunctive relief. Waugh seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Waugh leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS[2]

The factual allegations in Waugh's Complaint are brief. He alleges that, beginning in December 2022, the Philadelphia Family Court Domestic Relations Division violated his "god given rights over child support for a child [he] never acknowledge[d] paternity for." (Compl. at 3.) He states that an individual, who is not named as a defendant, is "garnishing [his] wages and seizing property." (*Id.*) He alleges that another person, also not named as a defendant, "lied to [Judge] Holly J. Ford for contract information." (*Id.*) He states that he was arrested for a

---

[1] The lone Defendant that Waugh named is "Philadelphia Domestic Relations," located at 1501 Arch St., Philadelphia, PA 19102. (Compl. at 2.) The Court understands Waugh to be referring to the Philadelphia Family Court Domestic Relations Division.

[2] The factual allegations set forth in this Memorandum are taken from Waugh's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system.

suspended driver's license in March 2024 and has faced eviction "due to wages garnished [and] false[] imprisonment." (*Id.* at 4.) For relief, he asks to have a "case withdrawn with prejudice, release of licenses [and] passport, and $150,000 for monetary compensation." (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Mr. Waugh leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, construe the Complaint liberally, draw all reasonable inferences in Waugh's favor, and then ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

## III.    DISCUSSION

Mr. Waugh asks this Court to grant injunctive relief and award him money damages based on events that occurred in Philadelphia Family Court. Although not entirely clear, it appears that Waugh intends to assert Fourteenth Amendment due process claims under 42 U.S.C.

§ 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Mr. Waugh has failed to state a claim to relief.

The Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989), and the Commonwealth of Pennsylvania has not waived that immunity for civil rights claims.  *See* 42 Pa. Cons. Stat. § 8521(b).  The Philadelphia Family Court, a division of the Philadelphia Court of Common Pleas, is an arm of the Commonwealth and therefore shares in the Commonwealth's immunity.  *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment); *Custis v. City of Philadelphia Ct. of Common Pleas*, No. 21-3573, 2021 WL 3784257, at *4 (E.D. Pa. Aug. 26, 2021) (concluding that Domestic Unit of the Philadelphia Court of Common Pleas "may not be sued under § 1983" as a division of a state court).  Moreover, Pennsylvania courts and their divisions are not considered "persons" subject to liability under § 1983.  *See Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) ("States or governmental entities that are considered arms of the State for Eleventh Amendment purposes are not persons under § 1983." (quoting *Will*, 491 U.S. at 70 (cleaned up))). The Constitution prohibits me from granting the relief Mr. Waugh seeks.  Accordingly, Mr. Waugh's claims against the Philadelphia Family Court must be dismissed.[3]

---

[3]  Moreover, although not clear from the sparse allegations in the Complaint, to the extent that Waugh seeks to have this Court review child-custody proceedings that have concluded in a manner adverse to him, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final judgments of a state court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Exxon Mobil Corp. v.*

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant Mr. Waugh leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Leave to amend will not be given, as any attempt to amend would be futile, because if the bar presented by immunity.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**

---

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine applies to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments").

4